**SO ORDERED.**

**SIGNED this 26 day of June, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**EMILY WEAVER HOWARD,**

      Debtor.                                               06-00929-8-JRL
                                                                         Chapter 13

_____

**ORDER**

       This matter is before the court on the amended motion for in rem relief from stay filed by Valley National Bank ("VNB") as servicing agent for New Jersey Housing and Finance Agency ("NJHFA"). On June 21, 2006, the court conducted a hearing on this matter in Wilson, North Carolina.

       The debtor owns real property in Newark, New Jersey. The debtor obtained a loan to purchase the property through NJHFA. As grounds for the motion, VNB pointed to the HMFA 1-4 Family/Tax-Exempt Financing Rider that is recorded along with the mortgage instrument. Specifically, paragraph (1)(B) of the Rider states that "it will be a condition of default by the Borrower and grounds for acceleration . . . if . . . (B) Borrower fails to occupy the property described in the Security Instrument without prior written consent of Lender or its successors or assigns . . . . " Moreover, paragraph (1)(D) of the Rider states:

1

"Borrower covenants and agrees that Borrower shall within 60 days from the date hereof and continually thereafter during the term of this mortgage occupy the Property as Borrower's primary residence." VNB asserted that the debtor had violated these conditions by moving to North Carolina and renting the New Jersey property to two tenants without prior written authorization.

At the hearing, the debtor noted that there is an "extenuating circumstances" exception to these conditions. She pointed to the following language in paragraph 6 of the mortgage instrument:

> Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or <u>unless extenuating circumstances exist which are beyond Borrower's control</u> (emphasis added).

At the hearing, the debtor explained that while she was residing at the subject property, her mother who lived in North Carolina became ill. After traveling to and from North Carolina, the debtor was eventually forced to resign her job and move to North Carolina to take care of her mother. The debtor believed that her home would be more secure if tenants resided on the property. The debtor asserts that her mother's illness amounted to extenuating circumstances beyond her control. The debtor's mother died, and now the debtor and her sons seek to move back to the New Jersey home within the next year.

VNB pointed out that all riders amend and supplement the mortgage instrument, as stated in paragraph 24 of the mortgage instrument:

> If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were part of this Security Instrument.

While the rider clearly lengthens the duration of time the debtor must occupy the property as her primary residence, the court finds that it does not override the "extenuating circumstances" exception set forth in the mortgage, as the covenants and the exception can be read together. The court finds that, based upon the testimony of the debtor, there were extenuating circumstances requiring her to leave the New Jersey property. Therefore, the court finds that the debtor did not breach the conditions set forth in the rider by moving to North Carolina and renting the subject property without written authorization.

At the hearing, VNB also noted that the debtor had already filed a Chapter 13 case in Essex County, New Jersey, that had been dismissed for failure to make plan payments. VNB, however, failed to file an objection to the debtor's motion to extend the automatic stay in this case, pursuant to 11 U.S.C. § 362(c)(3)(B). The court granted the debtor's motion to extend the automatic stay, finding that there had been a substantial change in the debtor's financial and personal affairs and that she had rebutted the presumption of bad faith.

At the hearing, the debtor asserted that she was current on all post-petition payments. VNB did not dispute that fact. Based on the foregoing, the court denies VNB's amended motion for in rem relief from stay.

"END OF DOCUMENT"